SCPR-15-0000748

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

DISCIPLINARY BOARD OF THE HAWAI'I SUPREME COURT,
Petitioner,

vs.

DIANA R. DANMEYER,
Respondent.

---

ORIGINAL PROCEEDING
(ODC CASE NO. 13-034-9105)

ORDER ALLOWING RESIGNATION IN LIEU OF DISCIPLINE
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Upon consideration of the petition submitted by the Disciplinary Board of the Hawai'i Supreme Court for an order granting the request of attorney Diana R. Danmeyer to resign from the practice of law in lieu of discipline, and the affidavits and exhibits attached in support thereof, we note the petition is supported by Respondent Danmeyer's affidavit, which meets the requirements of Rule 2.14(a) of the Rules of the Supreme Court of the State of Hawai'i (RSCH), and in which Respondent Danmeyer avers and admits she renegotiated two contingency fee agreements without complying with the requirements of Rule 1.8(a) of the

Hawaiʻi Rules of Professional Conduct (HRPC), received client monies totaling at least $23,000.00 between October, 2010 and November, 2011, which she deposited directly into her business account – on at least six occasions using unlabeled deposit slips – rather than a client trust account, and for which she did not maintain required financial records, and entered into a law partnership and shared fees with an individual not licensed to practice law in this jurisdiction, in violation of HRPC Rules 1.8(a), 1.15(b), 1.15(d), 1.15(f)(3), 1.15(g), 5.4(a), and 5.4(b), constituting misconduct sufficient to justify granting the petition. Therefore,

IT IS HEREBY ORDERED that the petition to resign in lieu of discipline is granted.

IT IS FURTHER ORDERED that Respondent Danmeyer's resignation shall become effective 30 days after the date of this order, as provided by RSCH Rules 2.14(d) and 2.16(c).

IT IS FURTHER ORDERED that the Clerk of this court shall remove Respondent Danmeyer's name from the role of attorneys licensed to practice law in this jurisdiction and, within thirty days after entry of this order, Respondent Danmeyer shall submit to the Clerk the original certificate evidencing her license to practice law in this jurisdiction or an affidavit establishing good cause for her failure to do so.

IT IS FURTHER ORDERED that Respondent Danmeyer shall comply with the requirements of RSCH Rule 2.16 governing disbarred attorneys and the Disciplinary Board of the Supreme Court of the State of Hawaiʻi shall provide notice of the disbarment as required by RSCH Rules 2.16(e) and 2.16(f).

IT IS FINALLY ORDERED that Respondent Danmeyer shall bear the costs of these proceedings upon the timely submission by ODC of a verified bill of costs, as authorized by RSCH Rule 2.3(c).

DATED:  Honolulu, Hawaiʻi, October 29, 2015.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson

